**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **TIA SMITH,** | |
| Plaintiff, | 2007-CV-0014 |
| v. | |
| **SGS NORTH AMERICA, INC.,** and **MATTHEW REILLY,** | |
| Defendants. | |

TO: Lee J. Rohn, Esq.
Sharmane Davis-Brathwaite, Esq.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER came before the Court for consideration upon Plaintiff's Motion to Compel Defendant Matthew Reilly to Supplement Responses to Discovery (Docket No. 52). Said Defendant filed an opposition to said motion, and Plaintiff filed a reply thereto.

Plaintiff claims that a meet and confer was held on July 2, 2008, and that said Defendant agreed to supplement by July 18, 2008, but failed to do so. Said Defendant asserts that the motion is without merit and also requests sanctions pursuant to LRCi 37.3

The Court acknowledges that the parties failed to submit a joint stipulation pursuant LRCi 37.2(a). However, because the matter has been fully briefed, in the interest of judicial economy, the Court will rule upon the papers which *could* be considered filed consistent

*Smith v. SGS North America, Inc.*
2007-CV-014
Order Denying Plaintiff's Motion to Compel
Page 2

with LRCi 37.2(b). As the Court has stated in previous matters, however, all future discovery motions that fail to comply with the requirements of LRCi 37.2(a) will not be considered pursuant to LRCi 37.2(c).

With regard to the specific discovery requests at issue, the Court makes the following findings and conclusions:

**Interrogatory No. 4:** Said Defendant represents that he has responded and provided all the information that is available to him. In addition, his reference to a document already produced was specific and detailed enough to identify the document. Fed. R. Civ. P. 33(d). Merely because counsel for said Defendant also represents co-Defendant does not mean that information within the control of co-Defendant is "available" to said Defendant. *See, e.g., Nissei America, Inc. v. Cincinnati Milicron, Inc.*, 95 F.R.D. 471, 475 (N.D. Ill. 1982). The Court finds that said Defendant has adequately responded to this interrogatory. No further response is necessary.

**Interrogatory No. 5:** Said Defendant represents that he has responded and provided all the information that is available to him. In addition, his

          reference to a document already produced was specific and detailed enough to identify the document. Fed. R. Civ. P. 33(d). Merely because counsel for said Defendant also represents co-Defendant does not mean that information within the control of co-Defendant is "available" to said Defendant. *See, e.g., Nissei America, Inc. v. Cincinnati Milicron, Inc.*, 95 F.R.D. 471, 475 (N.D. Ill. 1982). The Court finds that said Defendant has adequately responded to this interrogatory. No further response is necessary.

**Interrogatory No. 8:** Said Defendant represents that he has responded and provided all the information that is available to him. In addition, his reference to documents already produced was specific and detailed enough to identify the documents. Fed. R. Civ. P. 33(d). Merely because counsel for said Defendant also represents co-Defendant does not mean that information within the control of co-Defendant is "available" to said Defendant. *See, e.g., Nissei America, Inc. v. Cincinnati Milicron, Inc.*, 95 F.R.D. 471, 475 (N.D. Ill. 1982). The Court finds that

*Smith v. SGS North America, Inc.*
2007-CV-014
Order Denying Plaintiff's Motion to Compel
Page 4

|  |  |
|---|---|
| | said Defendant has adequately responded to this interrogatory. No further response is necessary. |
| **Interrogatory No. 10:** | Said Defendant objected to this interrogatory as overly broad, unduly burdensome, not limited in time and scope, and irrelevant. The Court sustains said Defendant's objections. No further response is necessary. |
| **Interrogatory Nos. 14 and 15:** | Plaintiff is correct that responses to interrogatories regarding affirmative defenses must include facts currently known. Said Defendant's reference to documents already produced was specific and detailed enough to identify the documents. Fed. R. Civ. P. 33(d). The Court finds that said Defendant has adequately responded to these interrogatories. No further response is necessary. |
| **Demand For Production No. 3:** | Said Defendant claims that he has no responsive documents in his possession. The Court cannot order the production of documents that are not within said |

*Smith v. SGS North America, Inc.*
2007-CV-014
Order Denying Plaintiff's Motion to Compel
Page 5

                              Defendant's control.  Consequently, said Defendant's response is adequate.  Defendant need not supplement.

**Demand For Production No. 5:**   Said Defendant claims that he has no responsive documents in his possession.  The Court cannot order the production of documents that are not within said Defendant's control.  Consequently, said Defendant's response is adequate.  Defendant need not supplement.

**Demand For Production No. 8:**   Said Defendant claims that he has no responsive documents in his possession.  The Court cannot order the production of documents that are not within said Defendant's control.  Consequently, said Defendant's response is adequate.  Defendant need not supplement.

Therefore, it is now hereby **ORDERED** Plaintiff's Motion to Compel Defendant Matthew Reilly to Supplement Responses to Discovery (Docket No. 52) is **DENIED**.

                                          ENTER:

Dated: October 10, 2008                               /s/
                                                    GEORGE W. CANNON, JR.
                                                    U.S. MAGISTRATE JUDGE